Rust *v.* The State.

A person cannot be punished for the doing of an act, which, at the time of its commission, was not prohibited by law.

The boards of commissioners were authorized by ss. 3 and 4 of the act to regulate taverns and groceries contained in the R. S. 1838, to grant licenses, to continue one year, to retail spirituous liquor.

Those sections are continued in force by section 15 of chapter 59 of the R. S. 1843.

There is no subsequent law in conflict with these sections.

*Friday,
December* 16.

APPEAL from the *Dearborn* Court of Common Pleas.

Davison, J.—This was an information for retailing spirituous liquors without license. The information alleges that *Rust*, on the 15th of *March*, 1853, did, in the county of *Dearborn*, &c., unlawfully barter and sell spirituous liquors, by a less quantity than a gallon at a time, to *James Nesbit*, by retail, he not being licensed according to law to vend spirituous liquors by retail. Plea, not guilty. Trial by the Court, and judgment for the state.

The evidence given in the cause is upon the record. It was shown that *Rust*, on the day mentioned in the information, at his own house in *Lawrenceburgh* township, in said county, sold spirituous liquors, as charged, to the person therein named. *Rust* then proved that at the spring election for said township in the year 1852, a majority of the voters decided in favor of granting license; and that pursuant to an order of the board of commissioners of said county, a license to retail spirituous liquors at his house in said township, for one year from the 17th of *June*, 1852, was issued and delivered to him by the auditor of said county. That license is set out in the record.

This judgment cannot be sustained. The information charges an offence under the act to regulate the retailing of spirituous liquors, approved *March* 4, 1853. That act was not in force until the 19th of said month—four days after the commission of the alleged offence. Therefore, at the time of the retailing as charged and proved, it was not prohibited by law.

In addition, we think it is clear that the license in evidence constituted a valid defence to the prosecution. It was granted on the 17th of *June*, 1852, and by its terms covered the period when the retailing took place. Under the laws then in force, it was competent for the board of commissioners to grant licenses running one year. R. S. 1838, p. 582, ss. 3 and 4. These sections are continued in force by section 15 of chapter 59 of the R. S. of 1843. There is no statutory provision subsequent to those just cited, in conflict with the power of the commissioners to grant license for the period of one year. The defendant's license did not expire till the 17th of *June*, 1853.

*Per Curiam.*—The judgment is reversed.

Cause remanded, &c.

*J. Ryman*, for the appellant.

*E. Dumont*, for the state.